1

2

3

4

5

6

7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

11 JUSTIN STERLING,

No. 1:18-cv-00306-SKO

12 Petitioner,

13 v.

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

14 STEVEN LAKE,[1]

**ORDER DIRECTING CLERK
OF COURT TO AMEND CAPTION**

15 Respondent.

16

**(Doc. 1)**

17

18

19        Petitioner, Justin Sterling, is a federal prisoner proceeding *pro se* with a petition for writ of

20 habeas corpus pursuant to 28 U.S.C. § 2241.[2]  Petitioner alleges one ground for habeas relief, that

21 his credit for good conduct time has been incorrectly calculated.  Having reviewed the record as a

22 whole and applicable law, the Court will deny the habeas petition.

23

24

25

26 _____

[1] Pursuant to Fed. R. Civ. P. 25(d), when a public party in an official capacity dies, resigns, or otherwise ceases to hold

27 office while the action is pending, the officer's successor is automatically substituted as a party.  Steven Lake has
succeeded Andre Matevousian as Warden of the United States Penitentiary at Atwater.

[2] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented, in writing, to the jurisdiction of a United States Magistrate

28 Judge to conduct all further proceedings in this case, including the entry of final judgment.

## I.    Background

In 2006, Petitioner was convicted of three counts of distribution of cocaine base, four counts of possession of a firearm in furtherance of a drug trafficking crime, one count of possession with intent to distribute cocaine base, and one count of possession of a firearm with obliterated serial numbers. On December 14, 2006, the United States District Court for the Western District of Louisiana sentenced Petitioner to a prison term of 99 years. The Fifth Circuit Court of Appeals affirmed the conviction.

On January 31, 2010, the Western District of Louisiana issued an amended judgment pursuant to 18 U.S.C. § 3582(c),[3] and reduced Petitioner's sentence by retroactively applying revised provisions of the United States Sentencing Guidelines. Petitioner's sentence was reduced to 96 years. On March 13, 2012, the sentencing court issued a second order pursuant to 18 U.S.C. § 3582(c), and reduced Petitioner's sentence to a total term of 95 years.

Petitioner received prior custody credit from the date of his arrest on March 10, 2005, until his release on March 21, 2005, and from his arrest on April 21, 2005, until the day before his federal sentence commenced on December 13, 2006. Petitioner is currently incarcerated at the United States Penitentiary at Atwater, California, and has a projected release date of February 21, 2089.

## II.    Petitioner's Accrued Good Time Credit

In order to obtain habeas relief, a petitioner must show that his custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Because Petitioner is

---

[3] Pursuant to 18 U.S.C. § 3582(c):

> MODIFICATION OF AN IMPOSED TERM OF IMPRISONMENT. – The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .

challenging the legality of his custody based on a dispute regarding the calculation of his release date by the Bureau of Prisons ("BOP"), the petition is properly brought pursuant to 28 U.S.C. §2241. *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991) (challenge to decision not to credit prisoner's time in state custody toward shortening of prisoner's federal sentence is an action maintainable in a petition for habeas corpus pursuant to 28 U.S.C. § 2241).

Petitioner alleges he:

received sentence reduction[s] pursuant to Amendments to the [Sentencing] Guidelines [in] which the district court amended the judgment of the original sentence. However, the FBOP failed to reinstate all good time that I los[t] prior to having the judgment amended.

(Doc. 1 at 3.) It appears Petitioner is contending BOP failed to properly calculate his good conduct time after his sentence was amended twice by the sentencing court.

BOP awards good conduct time to prisoners pursuant to 18 U.S.C. § 3624(b)(1), which states:

[A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.

Good conduct time is awarded to prisoners based on time served, not on the sentence imposed. *See Tabalda v. Thomas*, 533 F.3d 800, 806 (9th Cir. 2008) ("[T]he BOP has interpreted section 3624(b) to refer to time served, rather than sentence imposed."). Accordingly, the reduction in prisoner's sentence should not have affected the good conduct time he had accumulated prior to the sentencing court modifying his sentence.

With respect to the amount of good time credit Petitioner has earned, BOP gave Petitioner credit for prior custody between March 10, 2005, until his release on March 21, 2005, and from his arrest on April 21, 2005, until the day before his federal sentence commenced on December 13, 2006. Petitioner has been eligible for 54 days of good time credit per year served; however, he has earned 236 days due to "losing" good time credit following disciplinary sanctions.

During the first three years of his incarceration, Petitioner earned 54 days each year, and had a total of 162 days good conduct time. However, in 2008 and 2009, Petitioner did not earn any good conduct time due to disciplinary sanctions. In 2010, Petitioner earned 40 days good conduct time and accrued 202 days. Petitioner did not earn any good conduct time in 2011. In 2012, Petitioner earned 27 days good conduct time, for an accrued 229 days. In 2013, Petitioner did not earn any good conduct time, and forfeited 60 days due to serious sanctions. Consequently, by 2013, Petitioner had accrued 169 days. Petitioner earned 54 days good conduct time in 2014, for an accrued 223 days. In 2016, Petitioner earned 13 days good conduct time, for an accrued 236 days. Petitioner did not earn any good time credit in 2017; therefore, his accrued number of good conduct time is 236 days.

In total the BOP projects Petitioner can earn 4,036 days of good conduct time. The Court does not find any error in the BOP's computations. Accordingly, habeas relief is not warranted.

## III.   Conclusion and Order

The Court hereby ORDERS that:

1. The petition for writ of habeas corpus is DENIED; and

2. The Clerk of Court is DIRECTED to enter judgment for Respondent.

3. The Clerk of Court is DIRECTED to amend the caption in this matter to reflect the names of Steven Lake as Respondent.

IT IS SO ORDERED.

4

Dated: __October 29, 2018__                    /s/ _Sheila K. Oberto_
                                    UNITED STATES MAGISTRATE JUDGE